370 So.2d 433 (1979)
John Bayard BRITTON, Appellant,
v.
HUMPHREYS MEMORIAL HOSPITAL, Appellee.
No. JJ-457.
District Court of Appeal of Florida, First District.
May 4, 1979.
*434 Stephen P. Smith, III of Folsom & Smith, Jacksonville, for appellant.
Granville C. Burgess of Jacobs, Burgess & Poole, Fernandina Beach, for appellee.
KLEIN, HERBERT M., Associate Judge.
The appellant, a medical doctor, was denied staff and surgical privileges at the defendant hospital. Appellant sought a permanent injunction and damages against the hospital as well as seeking to have the hospital held in contempt of court for its actions, based upon appellant's allegation that he had been denied due process of law and that appellee was in violation of prior orders of the court. The trial court, by its order dated March 30, 1978, found that appellant had been afforded due process of law, that the hospital was not in contempt and denied appellant's prayer for injunctive relief or damages.
This case has a long history dating back to 1971 and no purpose would be served in reciting all of the pertinent facts relating to the conflict between the parties. These facts are set forth in the trial court's order of February 9, 1978, which this court finds to be supported by substantial competent evidence and which order denied appellant's request for temporary injunction ordering the appellee to reinstate the appellant to the medical staff. In addition, the trial court's order of March 30, 1978, is also amply supported by substantial competent evidence and should be affirmed.
Briefly stated, the medical staff of the appellee suspended the appellant from staff and surgical privileges and two days later the appellant, recognizing his problems, requested that he be allowed to voluntarily withdraw from the staff and further requested the State Board Of Medical Examiners to take jurisdiction of his case under the "Sick Doctor Act". The appellant was permitted by the appellee to voluntarily withdraw with the understanding that he could return to active staff only upon showing that he was able to resume his practice.
Thereafter, numerous hearings were held by the medical staff as well as review by the board of trustees of the appellee hospital. Appellant and appellant's counsel attended, but refused to participate in such hearings, even though appellant had specifically requested at least two of such hearings.
As stated in the case of North Broward Hospital District v. Mizell, 148 So.2d 1 (Fla. 1962), that in view of the difficulty of precise definition of professional fitness for staff membership, public as well as private hospitals:
"... are to be allowed latitude in enforcing standards of proficiency above those required for licensing. Detailed description of prohibited conduct is concededly impossible, perhaps even undesirable in view of rapidly shifting standards of medical excellence and the fact that a human life may be and quite often is involved in the ultimate decision of the board." and,
"... the governing body of any hospital may be authorized in general terms to suspend medical staff members for infraction of whatever rules it may make for the particular institution. The propriety of such suspensions is tested by judicial review of the reasonableness of the rule in question."
In the instant case the appellant voluntarily withdrew and was seeking reinstatement. But even assuming, arguendo, that appellant was suspended, there was judicial review, and as stated by the trial court in its final order of March 30, 1978:
"Defendant has at all times relative to this action afforded plaintiff due process of law in all proceedings as required by the by-laws of defendant and its medical staff, and defendant has afforded plaintiff notification of all hearings, and meeting and given him a fair and reasonable opportunity to present a defense to all *435 charges brought against him at such hearings and meetings of the defendant's medical staff and its board of trustees ..."
This opinion is not intended to and does not preclude appellant from making further application for medical and surgical staff privileges, and being granted such if he is capable of meeting the reasonable standards required by the citizens of this State for the care, maintenance and protection of human life.
The order appealed from is affirmed.
ROBERT P. SMITH, Jr., Acting C.J., and BOOTH, J., concur.