[No. A016711. First Dist., Div. Four. June 28, 1985.]

EUGENE C. GAENSLEN, JR., Plaintiff and Appellant, v.
BOARD OF DIRECTORS OF ST. MARY'S HOSPITAL AND
MEDICAL CENTER, Defendant and Respondent.

### COUNSEL

L. G. von Schottenstein for Plaintiff and Appellant.

Hanson, Bridgett, Marcus, Vlahos & Stromberg, Duane B. Garrett, Steven V. Schnier and Florence L. Di Benedetto for Defendant and Respondent.

### OPINION

**CHANNELL, J.**—Eugene C. Gaenslen appeals from a judgment denying his petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5, subdivision (d)[1] to compel the Board of Directors of St. Mary's Hospital and Medical Center to reinstate him to membership on the hospital's medical staff.

For approximately 10 years, appellant served on the medical staff of St. Mary's Hospital and Medical Center of San Francisco (Hospital), a private, nonprofit hospital governed by respondent board of directors. In November 1979, a medical staff department of medicine ad hoc investigating committee was convened for the purpose of investigating appellant's practice at Hospital. Following an investigation conducted pursuant to medical staff bylaws, the committee unanimously recommended that appellant be expelled from Hospital.

The medical staff executive committee, a standing committee of the medical staff, then considered the recommendation in accordance with the bylaws. They reviewed the results of the earlier investigation and invited appellant to two of its meetings to discuss the perceived deficiencies in his practice. Their decision was to recommend unanimously that appellant be expelled from the medical staff.

Appellant requested and was afforded a hearing before the judicial review committee. In accordance with the provisions of the bylaws, appellant was given notice of the alleged deficiencies in his practice and of particular

---

[1] All statutory references are to the Code of Civil Procedure.

instances of allegedly deficient patient care which prompted the recommendation of expulsion.

Between February and June of 1980, the judicial review committee met for eight full days to consider the recommendation of expulsion and hear evidence. On June 26, 1980, the committee issued an unanimous decision that sustained the executive committee recommendation on the grounds that the recommendation was sustained by clear and convincing evidence.

Appellant sought review of the judicial review committee decision pursuant to Hospital staff bylaws, and submitted argument and documentary evidence in support of his challenge to the decision. On February 26, 1981, at the conclusion of the review proceedings, the board of directors resolved to sustain the decision of the judicial review committee, and appellant was expelled from staff membership and his clinical privileges were terminated.

In July 1981 appellant filed a petition for writ of mandate in the superior court pursuant to section 1094.5, subdivision (d) wherein he asked the superior court to restore his staff membership. On March 12, 1982, the court found that the expulsion was the result of an administrative process which conformed to Hospital staff bylaws. Appellant's due process argument was rejected. The court also found that respondent did not proceed in excess of its jurisdiction, that it did not abuse its discretion, and that the decision of expulsion was supported by substantial evidence.

Timely notice of appeal was filed.

Appellant raises several issues relating to the propriety of the trial court's denial of his petition for writ of mandate: (1) whether the trial court abused its discretion in failing to find that appellant was denied his right to a fair procedure in the peer review process; (2) whether the trial court erred in failing to hold that respondent's actions were arbitrary and capricious and thereby constituted an abuse of its discretion; (3) whether the trial court erred in holding that the findings of respondent were supported by substantial evidence in light of the whole record; and (4) whether section 1094.5, subdivision (d) is constitutional. For the reasons hereinafter set forth, we find appellant's contentions without merit and affirm the trial court's judgment denying appellant's petition for writ of mandate.

## I. DENIAL OF RIGHT TO A FAIR PROCEDURE

Appellant contends that he was denied his right to a fair procedure during the expulsion proceedings, alleging that the standard of care that was applied in his evaluation was vague, ambiguous and uncertain, and that the com-

position of the judicial review committee created an inherent probability of unfairness.

The actions of a private institution are not necessarily those of the state, and the controlling concept in such cases is fair procedure rather than due process. (*Applebaum* v. *Board of Directors* (1980) 104 Cal.App.3d 648, 657 [163 Cal.Rptr. 831].) The common law right to fair procedure protects individuals from arbitrary exclusion or expulsion from private organizations which control important economic interests. (*Id.*, at p. 656.) The essence of the concept of fair procedure is fairness. (*Id.*, at p. 657.)

A. *Standard of Care*

Appellant claims that Hospital staff bylaws, membership standards, and criteria are so vague and ambiguous that they provided no meaningful guidelines for physicians practicing at the hospital. Appellant further contends that this ambiguity necessitated the formulation of a standard of care at the judicial review committee hearing, and that this newly promulgated standard was so vague and ambiguous that it encouraged arbitrary evaluation by his peers.

A private hospital may not adopt rules for revocation of its staff membership which permit action on an arbitrary or irrational basis. (*Miller* v. *Eisenhower Medical Center* (1980) 27 Cal.3d 614, 616 [166 Cal.Rptr. 826, 614 P.2d 258].) Hospital bylaws must be read to require a demonstrable nexus between the activities or professional conduct cited as the basis for corrective action and established professional standards or aims of the hospital's medical staff. (*Id.*, at p. 628.)

"[A]n organization's decision to exclude or expel an individual may be 'arbitrary' either because the reason for the exclusion or expulsion is itself irrational or because, in applying a given rule in a particular case, the society has proceeded in an unfair manner." (*Pinsker* v. *Pacific Coast Society of Orthodontists* (1974) 12 Cal.3d 541, 545 [116 Cal.Rptr. 245, 526 P.2d 253].) Expulsion will be deemed arbitrary if the organization's rules are not reasonably suited to provide a fair procedure. (*Ibid.*)

The standards for medical staff membership set forth in respondent Hospital bylaws are: "(a) Membership on the staff is a privilege which shall be extended only to professionally competent physicians . . . who continuously meet the qualifications, standards and requirements set forth in these bylaws. [¶] (b) Only physicians . . . licensed to practice in California, who can document their background . . . training and demonstrated competence, their adherence to the ethics of their profession, their good reputation, and

their ability to work with others, with sufficient adequacy to assure the staff and Board of Directors that any patient treated by them in the Hospital will be given a high quality of care, shall be qualified for membership on the staff."

■ We find these provisions adequately articulate the standard of care required by physicians at the Hospital: only those who demonstrate both the willingness and ability to provide high quality medical care to patients will be afforded continuing membership. "It cannot be denied that the providing of high quality patient care is, quite properly, the primary concern of all hospital institutions." (*Miller* v. *Eisenhower Medical Center, supra,* 27 Cal.3d at p. 628.)

Appellant relies on *Wyatt* v. *Tahoe Forest Hospital Dist.* (1959) 174 Cal.App.2d 709 [345 P.2d 93] in support of his claim that the bylaw provisions are inadequate. In *Wyatt,* the court found a bylaw provision stating that "'[m]embership to the medical staff shall be limited to those physicians and surgeons . . . whose background, experience and training insures, in the judgment of the Board of Directors, that any patient admitted to or treated . . . will be given the best possible care and professional skill'" was void for vagueness and ambiguity. (*Id.,* at pp. 712-713, 715.)

*Wyatt* is distinguishable from the present case. In *Wyatt,* the provision required laypersons serving on the board of directors to determine what constitutes the *best possible care and professional skill.* In this case, those determining whether a physician's practice meets the *high quality* standard are other medical doctors familiar with the standard of medical care in the community and at the Hospital. A "'[d]etailed description of prohibited conduct is concededly impossible, perhaps even undesirable in view of rapidly shifting standards of medical excellence and the fact that a human life may be and quite often is involved in the ultimate decision of the board.'" (*Britton* v. *Humphreys Memorial Hospital* (Fla.App. 1979) 370 So.2d 433, 434.)

B. *Composition of Judicial Review Committee*

Appellant contends the composition of the judicial review committee was such that it inherently created a probability of unfairness, thereby depriving him of his right to a fair procedure. However, appellant may not argue that three of the five members of the judicial review committee were prejudiced against him where he did not raise the matter of bias before the committee,

or later at the appellate review hearing.[2] (*Anton* v. *San Antonio Community Hosp.* (1977) 19 Cal.3d 802, 826 [*Anton* I] [140 Cal.Rptr. 442, 567 P.2d 1162].)

In this case, as in *Anton* I, Hospital bylaws provided that appointees to the judicial review committee "'shall not have actively participated in the consideration of the matter involved at any previous level.'" Appellant therefore had an opportunity to raise the issue of bias during the Hospital proceeding. (See *Anton* v. *San Antonio Community Hospital, supra,* 19 Cal.3d at pp. 826-827.)

## II. Alleged Prejudicial Abuse of Discretion by Hospital Board of Directors

Appellant contends that respondent committed a prejudicial abuse of discretion in sustaining the judicial review committee's decision to expel him because his substantive rights were violated, asserting the standard used in evaluating appellant posed a substantial risk of arbitrary and discriminatory action.

### A. *The Standard*

Decisions establish that an expulsion from an association cannot properly rest on a rule which is substantively capricious or contrary to public policy. (See *Pinsker* v. *Pacific Coast Society of Orthodontists, supra,* 12 Cal.3d at p. 553.) However, having determined that the "high quality care" standard for staff membership was sufficiently well defined so as to afford appellant fair procedure, we reject appellant's contention that his substantive rights were violated because he had no advance notice of the conduct proscribed.

### B. *Application of the Standard*

We now examine appellant's assertion that the manner in which the subjective standard was applied provided a substantial danger that the committee's decision would be arbitrary and capricious.

---

[2]Doctor Gaenslen's counsel objected to the presence of several people, both as members of the judicial review committee and as persons called to testify before the committee who witnessed other committee meetings. Counsel also attempted to challenge the credibility of witnesses who were connected to committee members, but did not make any objection to the presence of Doctors Campagna, Gartland, or Gallagher on the judicial review committee. The transcript of the appellate review committee is also devoid of any challenge to these three committee members.

The gist of appellant's claim is that in the 10 years he worked at the Hospital, he had never been disciplined or reprimanded, and that he had never been the subject of a written complaint.[3] As a result, the Hospital impliedly ratified his medical practice.

We find appellant's argument lacking in logic. Neither the law nor Hospital bylaws requires Hospital to give staff members written notice of their deficient practices prior to terminating staff membership. ■ A decision to expel a staff physician is substantively rational if it is reasonably related to considerations of patient care and hospital operations. (See *Miller* v. *Eisenhower Medical Center, supra,* 27 Cal.3d 614.)

The reporter's transcript of the judicial review committee hearing is replete with testimony that appellant's practice at the Hospital was contrary to the interests of patients and Hospital staff. There was evidence that appellant did not give patients physical examinations or other care, abandoned them to the care of residents, lacked any knowledge of their conditions or treatments, and treated the patients and Hospital personnel with disdain and contempt. There was further testimony suggesting both that appellant's practice included soliciting ambulance drivers to register patients as his own, and that appellant's time was consumed in major part with billing state and federal government agencies for the care of these indigent patients. Appellant's practice would not pass scrutiny under any standard applied— certainly it did not meet the standard of the "high quality" required by the Hospital.

Appellant points to several findings of the judicial review committee and suggests that even if true, these findings do not constitute violations of Hospital bylaws because he had practiced medicine in this fashion for nearly a decade without any notification that this conduct was unsatisfactory. Appellant adds that his actions were appropriate for a physician with his high number of patients and "unique type of practice." The challenged findings are that appellant (1) abused emergency room facilities; (2) failed to take personal responsibility for his patients; (3) exhibited disdain and disregard for nurses and social workers; and (4) conducted only cursory patient visits and token physical examinations.

These contentions merit little discussion. There is no reason any hospital should have to advise any licensed physician such practices will not be tolerated.

---

[3]It is noteworthy that there was testimony at the hearing that numerous oral complaints and concerns regarding appellant's practice had been registered.

Notice of deficient conduct is not a prerequisite to expulsion, although an obvious courtesy in some less serious situations.[4]

Finally, we are in no position to undermine the opinion of the judicial review committee concerning the appropriateness of appellant's conduct at the Hospital. Hospitals are usually in a unique position to police themselves. "[J]ust as courts have largely deferred to administrative expertise in determining whether an applicant is qualified to practice a profession in the first instance [citation], they should defer to administrative expertise in determining whether the professional is qualified to take on the additional responsibilities involved in a grant of hospital privileges." (*Unterthiner* v. *Desert Hospital Dist.* (1983) 33 Cal.3d 285, 298 [188 Cal.Rptr. 590, 656 P.2d 554], cert. den. (1984) 464 U.S. 1068 [79 L.Ed.2d 211, 104 S.Ct. 973] [public hospital].)

### III. FINDINGS SUPPORTED BY SUBSTANTIAL EVIDENCE

We reject appellant's contention that the findings are not supported by substantial evidence. We have read the voluminous reporter's transcript of the judicial review committee and have concluded, as did the trial court, that the administrative findings are supported by substantial evidence.

Section 1094.5, subdivision (d) provides the guidelines for examining the validity of an administrative decision such as this: "[I]n cases arising from private hospital boards . . . abuse of discretion [by the administrative body] is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record."

 Thus, the reviewing court must uphold the hospital judicial review committee's decision unless administrative findings viewed in light of the entire record are so lacking in evidentiary support as to render them unreasonable. (*Cipriotti* v. *Board of Directors* (1983) 147 Cal.App.3d 144, 155 [196 Cal.Rptr. 367].) The function of the trial and appellate courts is the

---

[4]In the trial court, appellant argued that his expulsion was the result of a "yellow journalism type article" which had banner headlines stating "Doctor uses an enormous amount of Medicare/Medical." Even if this article did in fact precipitate disciplinary action, the press only brought to light what the public and the Hospital had a right to know. It is unfortunate that a hospital must learn of the possible corruption of a staff member from the press rather than its own internal policing; however, once the wrong is brought to the attention of the institution, a private hospital cannot be expected to warn the doctor or refrain from imposing sanctions because the hospital did not discover the wrong before the press brought it to light—especially after internal investigations turn up a host of other wrongs.

same with respect to such review.[5] (*Pick* v. *Santa Ana-Tustin Community Hospital* (1982) 130 Cal.App.3d 970, 980, fn. 6 [182 Cal.Rptr. 85]; *Tiholiz* v. *Northridge Hospital Foundation* (1984) 151 Cal.App.3d 1197, 1204 [199 Cal.Rptr. 338] [reviewing court's task limited to determining whether substantial evidence supports trial court ruling].)

In reviewing the entire record, the trial court found the following findings to be supported by substantial evidence: (1) appellant's emergency room practices were abusive; (2) appellant failed or refused to care for patients after their admission to the Hospital; (3) appellant abandoned his patients to the care of residents; (4) appellant's disdain and disregard for nurses and social workers affected the quality of patient care he rendered; (5) appellant conducted cursory patient visits and token physical examinations; (6) appellant's medical mismanagement jeopardized patients' lives; and (7) appellant's deficient conduct continued despite counseling by physicians.

There is no useful purpose to be served as outlining in any detail the sordid picture developed by the evidence of the appellant's total neglect of his disadvantaged geriatric patients.

■ Despite the overwhelming evidence, appellant contends there are no findings to bridge the analytic gap between the raw evidence and the ultimate decision to expel him as required by section 1094.5, subdivision (d). (See *Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, 511 [113 Cal.Rptr. 836, 522 P.2d 12].) However, the findings are sufficient if they apprise the interested parties and the courts of the basis for administrative action. (*Gallegos* v. *State Bd. of Forestry* (1978) 76 Cal.App.3d 945, 951 [142 Cal.Rptr. 86].)

■ We are the sixth body called upon to review the evidence against Dr. Gaenslen, after unanimous rulings against him by the ad hoc medical committee, the medical staff executive committee, the judicial review committee, the Hospital board of directors, and the trial court. As these other bodies have found, we also find that there is sufficient evidence to support the Hospital's expulsion of Dr. Gaenslen from the staff of St. Mary's Hospital.

---

[5]Appellant contends the trial court based its denial of the writ on an erroneous reading of the record, citing a discussion at the hearing during which the trial judge confused charges with the findings of the judicial review committee. While we have no doubt that the judge reached his decision on a correct reading of the record after being set straight by both attorneys, we point out that in applying the substantial evidence test, this court is not reviewing the actions of the trial court but is conducting an independent review of the whole record.

## IV. CONSTITUTIONALITY OF CODE OF CIVIL PROCEDURE SECTION 1094.5, SUBDIVISION (d)

Appellant contends that Code of Civil Procedure section 1094.5, subdivision (d) is unconstitutional in that it denies due process and equal protection of the law.

In *Anton* v. *San Antonio Community Hospital* (1982) 132 Cal.App.3d 638 (*Anton* II) [183 Cal.Rptr. 423], the court found that the substantial evidence standard for judicial review of adjudicatory decisions of private nonprofit hospital corporations, prescribed by the Legislature, does not violate due process of law where such private hospitals are required to make such decisions on the basis of substantive rationality and fair procedure. (*Id.*, at p. 654.) The court further held that subdivision (d) does not violate the constitutional guarantees of equal protection. (*Id.*, at p. 656.)

Appellant's attack on section 1094.5, subdivision (d) is identical to that raised in *Anton* II. We are unpersuaded by appellant's arguments that the result reached in *Anton* II is improper and therefore find his contention without substance.

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.